# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK OF LA GRANGE, ILLINOIS, as Special Administrator of the Estate of FRANCISCO ZUNIGA, Deceased; and as Special Administrator of the Estate of CARLOS MIRANDA, Deceased; and MIGUEL OSORIO, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> THE SHERWIN-WILLIAMS COMPANY and BRADFORD WHITE CORPORATION, <br><br> Defendants. | No.  09 C 6821 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Plaintiffs initially filed this state-law tort action in the Circuit Court of Cook County. In due course, they agreed to settle their claims against all defendants except Sherwin-Williams and Bradford White. When the other defendants, who were nondiverse, were dismissed pursuant to the settlement agreement, Sherwin-Williams and Bradford White removed the case to this court on the basis of diversity jurisdiction. Plaintiffs now move to remand the case to state court or, in the alternative, to stay any federal litigation pending their receipt of funds from the state-court settlement agreement. For the following reasons, Plaintiffs' motion is DENIED.

## BACKGROUND

Plaintiffs filed this state-law tort action in the Circuit Court of Cook County against KBC Developer and Contactor, Ltd., Southpaw Construction Company, Christopher and Kevin Dermody, and Robert Tiberi (collectively, "the settling defendants"). The parties agree that the

- 1 -

settling defendants were nondiverse. Present in the case at that time, too, were Allstate Insurance Company and Cincinnati Insurance Company, also nondiverse parties. In their second amended complaint, Plaintiffs named Bradford White and Sherwin-Williams as defendants. There is no dispute that Bradford White and Sherwin-Williams are diverse parties.

On September 14, 2009, pursuant to a request from Plaintiffs and the settling defendants, the state court entered a good-faith finding of the proposed settlement. (R.19, Ex. B.) In the same order, the state court also dismissed Sherwin-Williams's crossclaims against the settling defendants, accidentally referring to them as counterclaims: "At oral argument it was learned that Sherwin had filed a counterclaim for contribution against the settling defendants. This counterclaim is hereby dismissed as against the settling defendants." (*Id.* at 2.) The order contained no language purporting to dismiss the settling defendants from Plaintiffs' action.

On September 17, 2009, Plaintiffs requested that the state court dismiss all of the non-diverse parties pursuant to their Petition for Partial Disbursement. (R.19, Ex. C.) Accordingly, the state court dismissed them in an order dated September 29, 2009, stating, "the following parties are dismissed with prejudice now and forever in any capacity in this action: KBC DEVELOPER AND CONTRACTOR, LTD.; SOUTHPAW CONSTRUCTION COMPANY; CHRISTOPHER DERMODY; KEVIN DERMODY; ROBERT TIBERI; ALLSTATE INSURANCE COMPANY; and CINCINNATI INSURANCE COMPANY." (R.19, Ex. A ¶9.)

On October 29, 2009, the remaining named defendants—Bradford White and Sherwin-Williams—filed a petition for removal in this court based on diversity jurisdiction. (R.1.) The parties do not dispute that the amount-in-controversy requirement is satisfied.

## **ANALYSIS**

In the first instance, Plaintiffs ask this court to remand the case to the Circuit Court of

Cook County. The court finds that there is no basis for a remand.

Plaintiffs argue that this court lacks subject-matter jurisdiction because removal was untimely. This conclusion is unfounded. The removal statute provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). The state court dismissed the nondiverse parties in an order dated September 29, 2009. At that point, the case first became removable. Bradford White and Sherwin-Williams therefore had until October 29, 2009 to remove the case to federal court, which they did. Removal was therefore timely.

Plaintiffs, however, mount two arguments in defense of their position that the thirty-day removal period began to run upon entry of the state court's September 14 order. First, Plaintiffs contend that the language in the September 29 order that purports to dismiss all of the nondiverse parties was only meant to clear up the confusion created by the September 14 order's accidental use of 'counterclaim' in place of 'crossclaim;' the September 14 order, properly understood, dismissed all nondiverse parties. This argument is frivolous. Even if the September 14 order had referred to Sherwin-Williams's crossclaims against the settling defendants with the word 'crossclaims' rather than the word 'counterclaims,' the state court's dismissal of those claims would not have worked a dismissal of *Plaintiffs'* claims against the settling defendants, who would still have remained parties to the action, and who would still need to be dismissed upon entry of the settlement. That was precisely the purpose—and the plain language—of the September 29 order.[1] Moreover, during the September 29 hearing, Judge Quinn, who signed

---

[1] The court notes that the September 29 order is captioned "ORDER IN FURTHERANCE OF PARTIAL SETTLEMENT AND DISMISSAL AND APPROVING PARTIAL DISTRIBUTION WITH RESPECT TO

both the September 14 and September 29 orders, explicitly said that he had not previously dismissed any parties because he had not been requested to do so. (R.19, Ex. D, Aff. Daniel Johnson ¶¶5-6.) The September 29 order was not the correction of a previous mistake.

Second, Plaintiffs argue that the September 14 order revealed that "the clear intention of the court was that the case was being settled and dismissed against all the settling defendants," so Bradford White and Sherwin-Williams thereby "receive[d] information in written form which reasonably alert[ed] them to the likelihood of being able to resort to federal diversity jurisdiction . . . ." Plaintiffs reason that the thirty-day removal period started to run when this "information" about the state court's "intention" became available to Bradford White and Sherwin-Williams.

This argument is equally without merit. Federal diversity jurisdiction is not based upon the "likelihood" of complete diversity at some point in the future, and a case removed on this basis—while nondiverse defendants are still parties to the case—is certain to be, indeed must be, remanded to state court. Nor can federal jurisdiction be based on a state court's "intention" to accept a proposed settlement agreement or to enter one or another order sometime in the near future. At the risk of belaboring the obvious, a case is not removable based on diversity jurisdiction before the voluntary dismissal of all nondiverse parties has been effected—with certainty and finality—by an order of the state court. That happened on September 29, 2009.[2]

In addition to their timeliness argument, Plaintiffs cite "the hermaphrodite status of the petition for removal" as a basis for remanding to state court. Plaintiffs' peculiar metaphor is meant to convey, or rather allege, that Bradford White and Sherwin-Williams are attempting to

---

PLAINTIFF OSORIO AND ALL REAL PARTIES IN INTEREST OF THE ZUNIGA FAMILY AND OF THE MIRANDA FAMILY."

[2] Plaintiffs cite numerous inapposite cases that address the amount-in-controversy requirement. The court sees no need to take up the particulars of these cases here, as they provide no support at all for Plaintiffs' plainly erroneous conception of when and how the complete-diversity requirement can be shown to be satisfied.

litigate in two forums at the same time. But once this court accepts jurisdiction, the state court will lose jurisdiction over Plaintiffs' claims against Bradford White and Sherwin-Williams, who would therefore not be able to litigate in state court even if they wanted to. *See* 28 U.S.C. § 1446(2); *Hartlein v. Ill. Power Co.*, 601 N.E.2d 720, 726 (Ill. 1992). Of course, the Circuit Court of Cook County will not thereby lose its jurisdiction to enforce the settlement agreement between Plaintiffs and the settling defendants, but that does not show that Bradford White and Sherwin-Williams are attempting a "partial removal" of the case. Plaintiffs' claims against Bradford White and Sherwin-Williams are the only claims still being litigated, and this court alone will have jurisdiction over them, in their entirety, upon removal. Thus, Plaintiffs have not provided any cognizable basis for a remand.

In the alternative, Plaintiffs ask this court to stay its hand "and allow the state court action to proceed." By "state court action," Plaintiffs are referring to their collection of the funds owed to them under the state-court settlement agreement. Plaintiffs contend that "a variant of the *Burford* doctrine of abstention" counsels this court to stay any federal proceedings until that happens. They rely on dicta from *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), that reject a *per se* rule against issuing stays, under the *Burford* doctrine, in cases involving monetary rather than equitable or otherwise "discretionary" relief. In particular, the Court noted that "*Burford* might support a federal court's decision to postpone adjudication of a damages action pending the resolution by the state courts of a disputed question of state law." *Id.* at 730-31. This court does not understand Plaintiffs' apparent contention that the state court's enforcement of the settlement agreement will settle some such question. Plaintiffs have already settled with the other parties, and Sherwin-Williams's crossclaims for contribution were dismissed by the state court. That leaves a garden-variety damages action against Sherwin-Williams and Bradford

White to be litigated in a federal forum while the state courts enforce a settlement agreement between Plaintiffs and *different* defendants than those litigating in the federal forum. This hardly amounts to the "exceptional circumstances" that *Burford* requires. *See Quackenbush*, 517 U.S. at 731. Indeed, it does not even amount to the same parties litigating the same issues in simultaneous state-court proceedings. *See Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (abstention in favor of parallel state proceedings requires, *inter alia*, "substantially the same parties" to be simultaneously litigating in different forums). Plaintiffs have put forth no proper grounds for staying this action under *Burford* or any other doctrine of abstention.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand or to stay is DENIED.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: December 21, 2009**